### GILLESPIE *et al. v.* DAVIDGE FERTILIZER CO.

(*Supreme Court, General Term, First Department.* November 18, 1892.)

ACTION FOR AN ACCOUNTING—PLEADING.
>Plaintiffs brought an accounting for goods delivered, as alleged, to defendant under certain agreements, whereby defendant was to hold such goods in trust for plaintiffs, with power of sale, and when sold deliver the proceeds to plaintiffs. *Held,* that defendant's answer, which distinctly denied these allegations, but admitted receiving "certain goods similar to those mentioned" in the complaint, of having "disposed of a part," and received "avails of a portion thereof," did not admit the agreements referred to nor the receipt of the goods specified in the complaint, and was not frivolous.

2. SAME—VALIDITY OF CONTRACT.
>The allegation in the answer that such contracts-made by defendant are *ultra vires* is a sufficient defense.

Appeal from special term, New York county.

Action by William Gillespie and others against the Davidge Fertilizer Company for an accounting for goods sold. From an order granting judgment on pleadings, defendant appeals. Reversed.

The pleadings for plaintiffs and defendant were as follows, viz.:

"(1) That the plaintiffs are copartners in business as commission merchants in the city of New York, under the firm name and style of Gillespie Bros. & Co. (2) That the defendant is a manufacturing corporation created by and under the laws of the state of New York. (3) That heretofore, to wit, on or about the 28th day of February, 1889, an agreement was entered into

between plaintiffs and defendant, a copy of which is set forth in Exhibit A; hereto attached,' and that thereafter, to wit, on or about the 2d day of March, 1889, a further and separate agreement was entered into between plaintiffs and defendant, a copy of which is set forth in Exhibit B, hereunto attached, and that thereafter, to wit, on or about the 3d day of April, 1889; a further and separate agreement was entered into between plaintiffs and defendant, a copy of which is set forth in Exhibit C, hereunto attached. (4) That, pursuant to the terms of said agreements, the defend-·' ant received all and singular the goods specified in Exhibits A, B, and C, thereto attached, and thereafter disposed of the same, or some part thereof, and has received the avails of same, or a portion thereof, but has wholly failed, refused, and neglected to account or pay over to these plaintiffs the proceeds thereof, except the sum of $2,303 15-100, although requested so to do by the plaintiffs in this action. (5) That by reason of said failure, refusal, and neglect on the part of said defendant, and for other good and sufficient reasons, the plaintiffs have, by due and proper notice to defendant, terminated said agency, and have demanded all of the goods not heretofore disposed of, and all of the moneys, property, and accounts in its possession, or received by it, the defendant, relating to the sale of the goods heretofore furnished to the said defendant, under and in pursuance of the terms of the said agreement; that the said defendant refused to turn over to plaintiffs any moneys in its hands, or any of the property so consigned to it, or to render any just account thereof, and the said defendant also refused to allow these plaintiffs, or their agent, to examine the books of said defendant, containing the entries relating to said property, and refused and still refuse to give these plaintiffs proper facilities of ascertaining the facts in relation thereto. (6) The plaintiffs verily believe that the defendant has in his possession, or under his control, money, accounts, notes, and merchandise belonging to these plaintiffs, and also a portion of the goods so consigned, but the amount thereof these plaintiffs were unable to determine; but the plaintiffs believe that the same amounted, at the time of the commencement of this action, to at least six thousand dollars. Wherefore plaintiffs demand an accounting between plaintiffs and defendant, and a judgment for the amount found to be due under said accounting, by the defendant to these plaintiffs, and for such other and further relief as to the court may seem just and proper.

"KNEELAND, STEWART & EPSTEIN, Plaintiffs' Attorneys.

"51 Chambers Street, New York City."

[Exhibit A.]

"NEW YORK, Feb. 28th, 1889.

"THE DAVIDGE FERTILIZER CO., 121 FRONT STREET, NEW YORK.

"Received of Gillespie Brothers & Co. delivery order for the following merchandise:

Mark 1 500 bags No. 1 fertilizer, 200 lbs. each.
       500 bags No. 2 fertilizer, 200 lbs. each.
       134 bags No. 3 fertilizer, 168 lbs. each.

—And in consideration thereof we hereby agree to hold the said goods in trust, with liberty to sell the said goods, and, in case of sale of all or any part thereof, to hand the avails, as soon as received, to Gillespie Bros. & Co., and we hereby agree to keep the said property fully insured against fire.

"DAVIDGE FERTILIZER CO.

"R. C. DAVIDGE, Pres."

The contracts in Exhibits B and C are essentially the same as in Exhibit A. The answer was as follows:

"*First.* For a first defense: (1) It has no knowledge or information sufficient to form a belief as to the allegations contained in the first subdivision of said complaint. (2) It admits that it is a manufacturing corporation, but alleges that it is organized for the sole purpose of manufacturing fertilizers

and selling the same. (3) On information and belief it denies each and every allegation contained in subdivisions third, fourth, fifth, and sixth of said complaint, except that it received certain goods similar to those mentioned in Exhibits A, B, and C, and has disposed of a part thereof, and has received the avails of a portion thereof. *Second.* For a second defense: The defendant, further answering, says, on information and belief, that the said R. C. Davidge mentioned in Exhibits A, B, and C, annexed to said complaint, had no authority to sign the same or to enter into such a contract in the name of the defendant, and that the alleged obligations mentioned and set forth in said Exhibits A, B, and C were foreign to the objects for which the defendant was organized, beyond its powers, and as to the defendant were unauthorized and void. Wherefore the defendant demands that said complaint be dismissed, with costs.    GEORGE WILCOX, Defendant's Attorney."

Argued before O'BRIEN and BARRETT, JJ.

*George Wilcox,* for appellant. *Kneeland, Stewart & Epstein, (Ira B. Stewart,* of counsel,) for respondents.

PER CURIAM. The answer interposed by the defendant was not frivolous. It distinctly puts in issue the 3d, 4th, 5th, and 6th subdivisions of the complaint. These subdivisions constitute the entire cause of action, and the answer thus amounts to a general denial. These denials are not affected by the admission of the defendant that it received certain goods similar to those mentioned in the plaintiffs' complaint, and that it has disposed of a part thereof, and has received the avails of a portion thereof. The denial of the receipt of the goods specified in the complaint still stands, and there is no admission, direct or indirect, of the agreements referred to in the complaint upon which the goods are said to have been delivered; nor is there any admission, direct or indirect, that the defendant received the goods specified in the complaint, or disposed of such goods pursuant to any such agreements. The decision evidently proceeded upon the theory that the affirmative defense set up in the answer, denying the authority of Mr. Davidge to enter into the contracts, raised no issue of fact or law, and that, consequently, such defect vitiated the entire answer. We think, however, that the defense thus affirmatively pleaded was sufficient. But, even if it had been insufficient, it did not disturb the preceding denials. The order should therefore be reversed, with $10 costs and the disbursements of the appeal, and the motion for judgment should be denied, with costs.